JOHN R. LUND (4368)
MATTHEW W. STARLEY (12388)
SNOW, CHRISTENSEN & MARTINEAU
10 Exchange Place, Eleventh Floor
Post Office Box 45000
Salt Lake City, Utah  84145
Telephone:  (801) 521-9000
Fax No.:  (801) 363-0400
   *Attorneys for Aramark*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re ARAMARK SPORTS AND ENTERTAINMENT SERVICES, LLC, a Delaware limited liability company, as owner of a certain 20' 2007 Baja Islander 202 for exoneration from or limitation of liability,<br><br>Plaintiff. | **COMPLAINT**<br><br>Case No.:<br><br>Judge<br><br>Magistrate Judge |

Plaintiff, Aramark Sports and Entertainment Services, LLC, formerly known as Aramark Sports and Entertainments Services, Inc., as owner of a certain 20' 2007 Baja Islander 202 powerboat (the "Vessel"), and pursuant to Fed. R. Civ. Pro. (F.R.C.P.) Supplemental Rule F, hereby seeks to limit its liability to the amount of the post-accident value of the wrecked Vessel, as provided in the Shipowner's Liability Act of 1851, 46 U.S.C. §§ 181-189, by filing this special admiralty claim with the Court, as follows:

**PARTIES, JURISDICTION & VENUE**

1.  Aramark Sports and Entertainment Services, LLC, is a limited liability company organized under the laws of the State of Delaware, registered in the State of Utah as a foreign limited liability company and conducting business in Kane County, Utah.

2. Lake Powell Resorts & Marinas ("LPRM") is a d/b/a of Aramark Sports and Entertainment Services, LLC (collectively hereinafter "Aramark").

3. The only prospective person or entities known to Aramark who may initiate claims against Aramark in relation to this matter are: James Brady; Heather Brady; the Estate and/or heirs of Robert Prescott; the Estate and or heirs of Katherine Prescott; the Estate and/or heirs of Terry Taranto; and the Estate and/or heirs of Maryanne Taranto (collectively hereinafter "Prospective Claimants").

4. All Prospective Claimants have been, or will be, provided notice of this limitation of liability action pursuant to, and in compliance with, F.R.C.P. Supplemental Rule F(4).

5. Jurisdiction is proper pursuant to 28 U.S.C.A. § 1333, as original jurisdiction of "any civil cases of admiralty or maritime jurisdiction" rests with this Court.

6. Jurisdiction and venue are proper pursuant to F.R.C.P. Supplemental Rule F(1) and (9), as this claim is made to limit the liability of the owner of the wrecked Vessel, which vessel is currently located in or about Padre Bay, Lake Powell, Kane County, Utah.

7. Venue is proper pursuant to 28 U.S.C.A. § 1391(b)(2) as the events upon which this claim is based occurred in Lake Powell, Kane County, Utah.

**GENERAL ALLEGATIONS**

8. Lake Powell, or the Glen Canyon National Recreation Area ("Lake Powell"), is a navigable waterway.

9. Aramark owns and maintains a rental fleet of boats on Lake Powell.

10. On April 24, 2009, Robert Prescott entered into a rental agreement with Aramark for the one day use of a 20' powerboat.

11. The agreement is identified by Aramark as Rental Agreement No.: 80J9F8 (the "Rental Agreement") (attached hereto as <u>Exhibit 1</u>).

12. The Terms and Conditions of the rental agreement, at paragraph 10, include an indemnification clause.

13. The Indemnification Clause states that the Customer will indemnify and hold harmless Aramark, including claims by Customers or third parties, from damages or injuries suffered as a result of the Customer's use of the rented equipment.

14. Included with the Rental Agreement, and signed individually by Mr. Prescott, is the Advisory to Boat Renters (the "Capacity Advisory") which discloses to Aramark's customers the U.S. Coast Guard regulations regarding the Vessel's carrying capacity. (Capacity Advisory is attached hereto as <u>Exhibit 2</u>.)

15. On the Capacity Advisory, Mr. Prescott listed all the passengers as follows: (1) Robert Prescott; (2) Katherine Prescott; (3) James Brady; (4) Heather Brady; (5) Terry Taranto; and (6) Maryanne Taranto (collectively hereinafter the "Prescott Party").

16. Additionally, when given the option, Mr. Prescott elected to accept and pay for the waiver of liability, which is governed by the Waiver of Liability Agreement executed by Mr. Prescott and Aramark.

17. On April 25, 2009, the Prescott Party arrived at the boat rental dock at approximately 7:30 a.m.

18. Upon arrival Misters Prescott and Brady received extensive and complete operational and safety instruction from Aramark employee Robert Graham, which instruction is

evidenced and outlined by the Powerboat Instruction Checklist. (Checklist attached hereto as Exhibit 3.)

19. This instruction took place on the Vessel that the Prescott Party used for the day, which was Aramark boat number 647, a 20' 2007 Baja Islander 202.

20. The Prescott Party departed from the rental dock at approximately 8:00 a.m. on April 25, 2009 and the boat was to be returned by approximately 4:00 p.m., which did not occur.

21. At approximately 4:01 p.m. on the afternoon of the 25th the National Parks Service received and recorded a mayday call from the Prescott Party.

22. At approximately 5:50 p.m., a National Parks Service ranger discovered a debris field and the first of what would eventually be four drowning victims.

23. The debris field and first victim were located near a geographic landmark known as Padre Butte.

24. Between Padre Butte and the shoreline is a navigable channel known as the Padre Butte Cut (the "Cut").

25. At the time of the accident, a portion of the Cut was marked as the navigable channel by red and green navigation buoys.

26. Upon information and belief, the Prescott Party navigated the Vessel outside of the channel markers through a hazardous portion of the Cut and struck an underwater hazard, which caused the Vessel to quickly sink several hundred yards past the Cut.

27. Despite the weather conditions and turbulent nature of the water, all six members of the Prescott Party were not wearing their life vests at the time the Vessel sunk.

28. The exact location of the Vessel is not currently known, but the evidence places it in either Padre Bay or in the channel just south of the Cut.

29. This area of Lake Powell is located approximately 10 miles inside the Utah state line in Kane County, Utah.

30. At the time of the discovery of the debris field and the first victim, the two survivors, James and Heather Brady, were also discovered.

31. Subsequently, at different times and in different locations, the three remaining victims were recovered.

32. As of the date of this Complain, efforts are being made to locate and possibly recover the Vessel.

## First Cause of Action
(Limitation of Liability)

33. Plaintiff Aramark realleges and reincorporates the foregoing paragraphs as if stated herein.

34. Aramark is the owner of the Vessel that was leased by the Prescott Party.

35. On April 25, 2009, at approximately 4:00 p.m., the Prescott Party caused damage to the Vessel, which damage caused the Vessel to sink within an estimated one to two minutes.

36. As a result of the Prescott Party's actions, and the resulting damage to the Vessel, four members of the Prescott Party lost their lives.

37. These four members of the Prescott Party are believed to have drowned.

38. Two members of the Prescott Party were able to make their way to shore.

39. The two survivors and the heirs and/or estates of the deceased may attempt to seek recovery from Aramark for any damages they may allege to have suffered as a result of the April 25, 2009 accident.

40. Pursuant to 46 U.S.C. §§ 181-189, Shipowner's Liability Act of 1851, as owner of the wrecked vessel, Aramark is entitled to an order preemptively limiting its liability to the post-accident value of the Vessel.

41. Because of several factors, including: (1) the nature of the accident; (2) the damage to the Vessel; (3) the length of the time the Vessel has been submerged; and (4) the possibility that additional damage may occur should recovery of the Vessel be attempted, it is anticipated that the post-accident value of the Vessel is between zero and $1,000.00.

42. As owner of the wrecked Vessel, Aramark is entitled a determination by this Court of Vessel's post-accident value.

43. As owner of the wrecked Vessel, Aramark is entitled to entry of a judgment limiting the amount of its' potential liability to the post-accident value of the Vessel.

**WHEREFORE**, Aramark prays for the following relief:

A. Under the First Cause of Action, for a determination that the value of the Vessel post-accident is either zero or some other value as determined by the Court.

B. Under the First Cause of Action, for entry of a judgment limiting Aramarks' maximum liability to the post-accident value of the Vessel.

/ / /

/ / /

/ / /

C.      For any and all other relief that the Court may deem just and proper in light of the facts and circumstances of this case.

DATED this ___ day of July, 2009.

SNOW, CHRISTENSEN & MARTINEAU

By__/s/ John R. Lund_____
John R. Lund
Matthew W. Starley
*Attorneys for Plaintiff*