IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| In re ARAMARK SPORTS AND ENTERTAINMENT SERVICES, LLC, **Plaintiff.** | ORDER AND MEMORANDUM DECISION Case No. 2:09-CV-637-TC |

Aramark maintains a fleet of boats that it rents to the public. Aramark rented a 20-foot powerboat (allegedly designed and manufactured, in part, by Baja Marine) to Robert Prescott for a one-day trip on Lake Powell with Katherine Prescott, James Brady, Heather Brady, Terry Taranto, and Maryanne Taranto. While the three couples were on Lake Powell, the boat sank. Nobody on the boat was wearing a life vest, and only the Bradys were able to swim to shore. The Prescotts and the Tarantos drowned.

Less than three months after the April 25, 2009, accident, and before receiving any notice of claim, Aramark filed its complaint in this action for limitation of liability. The estates and heirs of the Prescotts and the Tarantos have filed a motion to dismiss for lack of subject-matter jurisdiction. In the alternative, the estates and heirs of the Prescotts and the Tarantos ask the court to stay this proceeding so that they may prosecute their claims in state court. For the reasons set forth below, the motion to dismiss the complaint or stay the proceeding is denied.

**Admiralty Jurisdiction**

For the court to have admiralty jurisdiction over a tort claim under 28 U.S.C. § 1333(1), the tort must have occurred on navigable water or the injury must have been caused by a vessel on navigable water; the general character of the activity giving rise to the incident must show a substantial relationship to traditional maritime activity; and there must have been the potential for the type of incident causing the harm to have disrupted maritime commerce. Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co., 513 U.S. 527, 534 (1995). Immediately before the accident, the Aramark passengers were boating on the navigable waters of Lake Powell. "Navigation of boats in navigable waters clearly falls within the substantial relationship [to traditional maritime activity]." Id. at 540.

Courts take an expansive view of whether an accident has the potential to disrupt maritime commerce. For example, two pleasure boats colliding (see Foremost Ins. Co. v. Richardson, 457 U.S. 668, 677 (1982)), a fire on a pleasure boat docked in a marina (see Sisson v. Ruby, 497 U.S. 358, 363 (1990)) and a pleasure boat crashing into a canyon wall (see Aramark Leisure Servs. v. Kendrick, 523 F.3d 1169, 1175 (10th Cir. 2008)) all have the potential to disrupt maritime commerce. Similarly, a boat sinking while carrying passengers who need to be rescued has the potential to disrupt maritime commerce.

**Early Filing**

Relying on the language of 46 U.S.C. § 30511(a), the movants argue that Aramark is not authorized to bring its claim before it has received a written notice of claim from a potential claimant. But that an action for limitation "must be brought within 6 months after a claimant gives the owner written notice of a claim" does not mean that it cannot be brought earlier. And the court rejects the movants' argument that the potential claimants are prejudiced by Aramark's

early filing; this court can and will ensure that the potential claimants have sufficient time to conduct their investigations and bring their claims.

The court has set a status conference, which will be held on June 15, 2010, at 2:30 p.m., to give the potential claimants an opportunity to inspect the recently recovered boat and to investigate their potential claims. The Bradys, the estates and heirs of the Prescotts and the Tarantos, Baja Marine, and Aramark stipulated at the March 3, 2010, hearing that they will not commence any action related to the April 25, 2009, boating accident before the status conference.[1]

SO ORDERED this 4th day of March, 2010.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
Chief Judge

---

[1] Under the "saving to suitors" clause (28 U.S.C. § 1333(1)), in any case in which the district court has admiralty jurisdiction, potential claimants retain their common law remedies. Should all of the potential claimants file a stipulation that preserves Aramark's right to have the limitation of liability issues decided in this court and vitiates the need for a concursus, the court will stay the limitation proceeding.