IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| In re ARAMARK SPORTS AND ENTERTAINMENT SERVICES, LLC, <br><br> Plaintiff. | ORDER <br> AND <br> MEMORANDUM DECISION <br><br> Case No. 2:09-CV-637-TC |

## BACKGROUND

Aramark maintains a fleet of boats that it rents to the public. Aramark rented a 20-foot powerboat (allegedly designed and manufactured, in part, by Baja Marine) to Robert Prescott for a one-day trip on Lake Powell with Katherine Prescott, James Brady, Heather Brady, Terry Taranto, and Maryanne Taranto. While the three couples were on Lake Powell, the boat sank. Only the Bradys were able to swim to shore; the Prescotts and the Tarantos drowned.

Aramark filed a complaint in this court to limit its liability to the current value of the boat, which, undisputedly, is $0. The estates and heirs of the Prescotts and the Tarantos move to stay the limitation of liability proceeding so that they may pursue their claims related to the boating accident in state court. Having determined that the proposed stipulation does not adequately protect Aramark's right to have this court determine all issues related to its limitation of liability claim, the court denies the motion to stay.

**LEGAL STANDARD**

Under 46 U.S.C.A. § 30505, "the liability of the owner of a vessel for any claim, debt, or liability [arising from any loss or damage incurred without the privity or knowledge of the owner] shall not exceed the value of the vessel and pending freight."[1]

"The court has to determine what acts of negligence or conditions of unseaworthiness caused the accident and whether the shipowner had knowledge or privity of those acts." Exxon v. Cailleteau, 869 F.2d 843, 846 (5th Cir. 1989) (internal citations omitted). The burden of proof in a limitation action is divided. The claimant must prove that the destruction or loss was proximately caused by negligence, and then the burden shifts to the shipowner to show that she comes within the statutory exemption because there was no design, neglect, privity, or knowledge on his part. See Gorman v. Cerasia, 2 F.3d 519, 524 n.4 (3rd Cir. 1993).

The district court collects all of the claims related to the accident, including the claim for limitation of liability, in a proceeding called a "concursus." If the court finds that the available funds are limited to the value of the ship and its cargo, it can then equitably dole out the available funds.

Under the "saving to suitors" clause (28 U.S.C.A. § 1333(1)), in any case in which the district court has maritime jurisdiction, potential plaintiffs retain their common law remedies. Courts reconcile the inherent conflict between the court's maritime jurisdiction in limitation of liability actions, on the one hand, and the saving to suitors clause, on the other, by allowing plaintiffs to proceed in state court whenever the shipowner's limitation rights are protected.

---

[1] The value of the vessel is calculated after the accident and before any repairs are made.

If the plaintiffs enter a stipulation that ensures 1) that in no event will the shipowner be liable for more than the value of the vessel, should her liability be limited, and 2) that the district court will be the sole decision-maker regarding all issues related to the limitation proceeding, the court must stay the limitation action to allow the plaintiffs to pursue their common law remedies.

**THE PROPOSED STIPULATION**

In the proposed stipulation, the estates and heirs of the Prescotts and the Tarantos[2] agree that Aramark has the right to litigate the issue of whether it is entitled to limit its liability in this court, and that this court has exclusive jurisdiction to determine the issue. They also waive any res judicata/collateral estoppel effect that the decisions, ruling or judgments of any other court might have on the limitation issues. Finally, they agree not to seek to enforce any judgment against Aramark or any other person or entity that would be entitled to seek indemnity or contribution from Aramark until this court decides Aramark's limitation of liability claim.

**ANALYSIS**

The circuit courts are divided on whether a party who may seek indemnity or contribution from the shipowner must be a party to any stipulation that would allow the district court to stay the limitation action.

The Sixth Circuit and the Eighth Circuit would not require a potential third-party claimant like Baja Marine to enter into a stipulation before the potential claimants could proceed

---

[2] The estates and heirs of the Estates and heirs and the Tarantos are the only parties who may bring first-party claims against Aramark. Although Aramark argues that the Bradys may have a first-party claim against Aramark, there is no evidence in the record that the Bradys were injured as a result of the accident or that they intend to pursue a first-party claim. Nevertheless, Baja Marine and the Bradys may have third-party claims against Aramark for indemnification or contribution.

3

in state court (viewing the third-party's claims as derivative of the first-party claims). See S&E Shipping v. Chesapeake & Ohio Railway Co., 678 F.2d 636, 645 (6th Cir. 1982); Universal Towing Co. v. Barrale, 595 F.2d 414, 419 (8th Cir. 1979). But the Second Circuit and the Third Circuit (and Judge Kennedy concurring in Chesapeake) follow a different view: "that as long as there is a potential set of circumstances in which a shipowner could be held liable in excess of the limitation fund, the reasonable prospect of claims for indemnification or contribution should constitute a multiple claimant situation necessitating a concursus." Gorman v. Cerasia, 2 F.3d 519, 526 (3rd Cir. 1993) (quoting Dammers v. Corona, 836 F.2d 750, 757 (2nd Cir. 1988)). The Tenth Circuit has not yet addressed the issue.

"When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." Restatement (Second) of Judgments § 27 (1980). Although the estates and heirs of the Prescotts and the Tarantos have waived collateral estoppel (or issue preclusion) in an effort to allow this court to determine de novo whether Aramark was negligent, Baja Marine and the Bradys have not given up the protections afforded by collateral estoppel. As a result, if the court were to stay the limitation action and Baja Marine were found liable in state court, Baja Marine could bind this court to the rulings made in state court.

**ORDER**

Because the court must protect Aramark's right to have all of the issues related to its limitation of liability claim decided in this court, the court will not stay the limitation action based on the proposed stipulation. Accordingly, the motion to stay the limitation of liability

4

proceeding (Docket No. 54) is DENIED.

SO ORDERED this 18th day of November, 2010.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
Chief Judge