IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| In re ARAMARK SPORTS AND ENTERTAINMENT SERVICES, LLC, a Delaware limited liability company, as owner of a certain 20' 2007 Baja Islander 202 for exoneration from or limitation of liability,<br><br>Plaintiff. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:09-cv-637-TC-PMW<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Paul M. Warner |

District Judge Tena Campbell referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is claimant Baja Marine Corporation's ("Baja") motion for a protective order.[2] Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

### RELEVANT BACKGROUND

This case is a limitation of liability action that was filed by Aramark Sports and Entertainment Services, LLC ("Aramark"). In general terms, the case is based on the sinking of a vessel ("Vessel") in Lake Powell.

On July 7, 2011, the Estates and Heirs of Robert and Katherine Prescott and the Estates and Heirs of Terry and Maryanne Taranto's (collectively, "Claimants") counsel sent two

---

[1] *See* docket no. 77.

[2] *See* docket no. 95.

deposition notices to Baja's counsel, unilaterally setting a deposition of Baja under rule 30(b)(6) of the Federal Rules of Civil Procedure and a fact deposition of Phil Nagy ("Mr. Nagy") for July 15, 2011, in Page, Arizona.[3]  On July 12, 2011, Baja filed its motion for a protective order within three business days of the deposition notices, which invoked the protection of civil rule 26-2 of the Rules of Practice for the United States District Court for the District of Utah and prevented the above-referenced depositions from going forward.  *See* DUCivR 26-2 ("A party or a witness may stay a properly noticed oral deposition by filing a motion for a protective order or other relief by the third business day after service of the notice of deposition.  The deposition will be stayed until the motion is determined.  Motions filed after the third business day will not result in an automatic stay.").

Mr. Nagy is currently a Technical Account Manager for Mercury Marine, which is a subsidiary of Brunswick Corporation.  Baja was, at one time, also a subsidiary of Brunswick Corporation.  Although Claimants contend that Mercury Marine, Baja, and Brunswick Corporation are "[f]or legal purposes . . . one and the same,"[4] it is undisputed that Mr. Nagy is not and has never been employed by Baja.  According to Baja, Mr. Nagy was specifically retained by Baja to assist in trial preparation, and Baja has not designated Mr. Nagy as a witness who will testify in this case.

---

[3] While not dispositive of the instant motion, the court notes that the unilateral noticing of depositions is not the typical or courteous practice in this district.  Prior to simply sending a unilateral notice of deposition, counsel are expected to consult with other counsel in order to find a mutually convenient date and time for the deposition.  *See, e.g.*, Utah Supreme Court Rules of Prof'l Practice 14-301, Standard 15 ("Lawyers shall endeavor to consult with other counsel so that depositions, hearings, and conferences are scheduled at mutually convenient times.").

[4] Docket no. 101 at 3.

According to the parties submissions on the instant motion, an inspection of the Vessel was conducted in February 2010 ("Inspection"). The Inspection took place under the supervision of the United States Coast Guard and was attended by representatives of the National Park Service. Aramark's counsel was present at the Inspection, along with Aramark representatives and consultants Mark Suttie, Todd Schwede, and Mike Walsh. Baja's counsel was also present at the Inspection, along with Mr. Nagy and expert Bill Regan. Claimants were represented at the Inspection by Ashley Taranto, investigator Bill Heck, and expert Jay McEwan. Finally, Al Daniels was present, who is an investigating officer for the United States Coast Guard. The parties to the Inspection agreed to allow Mr. Nagy to remove certain electrical components of the Vessel to permit him to test the operation of the Vessel's bilge pump.

## ANALYSIS

As an initial matter, the court notes that Baja has indicated in its reply memorandum that the portion of its motion concerning the rule 30(b)(6) deposition has been rendered moot. Because that portion of the motion is now moot, the court will not address it further. The court now turns to the remaining portion of Baja's motion for a protective order concerning the deposition of Mr. Nagy.

Baja argues that rule 26(b)(4)(D) of the Federal Rules of Civil Procedure prevents Claimants from deposing Mr. Nagy because Baja has retained him specifically as a litigation consultant to assist in trial preparation and has not designated him as an witness who will testify at trial. Rule 26(b)(4)(D) provides:

> Ordinarily, a party may not, by interrogatories or deposition,
> discover facts known or opinions held by an expert who has been

3

>     retained or specially employed by another party in anticipation of
>     litigation or to prepare for trial and who is not expected to be called
>     as a witness at trial.  But a party may do so only:
>         (i) as provided in Rule 35(b); or
>         (ii) on showing exceptional circumstances under which it is
>         impracticable for the party to obtain facts or opinions on the
>         same subject by other means.

Fed. R. Civ. P. 26(b)(4)(D).

The first exception set forth in the rule is inapplicable in this case.  Rule 35(b) of the Federal Rules of Civil Procedure, which governs reports prepared by examiners after court-ordered physical or mental examinations, is not implicated by Baja's motion.  *See* Fed. R. Civ. P. 35(b).  The second exception, however, is at issue as part of Baja's motion, and a party seeking disclosure under that exception "carries a heavy burden in demonstrating the existence of exceptional circumstances."  *Ager v. Jane C. Stormont Hosp. & Training Sch. for Nurses*, 622 F.2d 496, 503 (10th Cir. 1980) (quotations and citation omitted).

Baja argues that exceptional circumstances do not exist in this case because Claimants can obtain information about what occurred at the Inspection from other sources.  Specifically, Baja asserts that Claimants have access to all other parties who attended and observed the Inspection, including their own expert and investigator.  Baja asserts that the individuals who represented Claimants observed the Inspection, participated in it, and saw first-hand everything that Mr. Nagy did to the bilge pump.  Baja further asserts that, after the Inspection, the Vessel and the bilge pump were inspected by both the United States Coast Guard and one of Claimants' experts.  Moreover, Baja contends, there is an independent third party who oversaw the Inspection, namely, the investigating officer for the United States Coast Guard, Al Daniels.

Baja has retained Mr. Nagy specifically as a litigation consultant to assist with trial preparation, and Baja has not designated Mr. Nagy as a witness who will be called at trial. Accordingly, the court concludes that rule 26(b)(4)(D) is applicable here.  *See* Fed. R. Civ. P. 26(b)(4)(D).  Furthermore, the court agrees with Baja's argument that Claimants have failed to carry their heavy burden of demonstrating the existence of exceptional circumstances under the second exception to rule 26(b)(4)(D).  *See id*.  The court is persuaded that it is practicable for Claimants to obtain the information they seek concerning the Inspection from other sources.  *See id*.  For these reasons, Baja's motion for a protective order concerning the deposition of Mr. Nagy is granted.

## CONCLUSION AND ORDER

In summary, **IT IS HEREBY ORDERED** that Baja's motion for a protective order[5] has been rendered **MOOT** with respect to Baja's rule 30(b)(6) deposition and is **GRANTED** with respect to the deposition of Mr. Nagy.

**IT IS SO ORDERED**.

DATED this 20th day of October, 2011.

BY THE COURT:

*/s/ Paul M. Warner*

PAUL M. WARNER
United States Magistrate Judge

---

[5] *See* docket no. 95.