IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| In re ARAMARK SPORTS AND ENTERTAINMENT SERVICES, LLC, a Delaware limited liability company, as owner of a certain 20' 2007 Baja Islander 202 for exoneration from or limitation of liability,<br><br>Plaintiff. | ORDER AND MEMORANDUM DECISION<br><br>Case No. 2:09-CV-637-TC |

This case arises out of an April 2009 boating accident on Lake Powell involving six tourists who had rented a boat from Aramark Sports and Entertainment Services, LLC (Aramark). Four of the tourists—Robert Prescott, Katherine Prescott, Terry Taranto, and Maryanne Taranto—died as a result of the accident. Their heirs and estates (the Prescott Claimants and Taranto Claimants, collectively "Claimants"), along with the two individuals who survived the accident,[1] brought claims against Aramark.

The Claimants, who alleged negligence in their original counterclaim, now move the court for leave to file an amended counterclaim to add a claim for gross negligence and a request for punitive damages against Aramark. According to the Claimants, they filed the motion as a cautionary measure in response to Aramark's contention that the Claimants may not pursue such claims at trial without pleading them first. The Claimants, despite their motion, maintain that an amendment is not necessary. They ask the court to do one of two things: either grant leave to amend or hold that special pleading rules do not apply and that the original counterclaim is

---

[1] Claimants James and Heather Brady are not part of the motion currently before the court.

sufficient to allow a claim of gross negligence and punitive damages to go to the jury.

Aramark contends that, under the circumstances, a pleading of facts supporting a claim of gross negligence and punitive damages is required; the original pleading is insufficient to give Aramark notice of a claim for gross negligence or punitive damages; and the motion to amend should be denied because the proposed amendment is untimely, would cause undue prejudice to Aramark, and would be futile.  For the reasons set forth below, the court GRANTS the motion to amend and extends the fact discovery period for 90 days.

**1.      The Claimants' Request for Punitive Damages**

The court first notes that the Claimants' counterclaim need not specifically request punitive damages.  Under Utah law, the Claimants do not need to plead punitive damages to pursue such damages at trial.  Behrens v. Raleigh Hills Hosp., Inc., 675 P.2d 1179, 1182 (Utah 1983) ("[I]f the plaintiff was able to adduce the necessary foundational evidence at trial, she could claim punitive damages under Rule 54(c)[2] without a formal amendment to the pleadings.").  Accordingly, no amendment is needed here.

**2.      The Claimants' Proposed Amendment Adding Gross Negligence Claim**

Leave to amend under Rule 15 of the Federal Rules of Civil Procedure should generally be freely given.[3]  "The Supreme Court has indicated district courts may withhold leave to amend

---

[2]Rule 54(c) states that a "final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Fed. R. Civ. P. 54(c) (emphasis added).

[3]The Tenth Circuit has yet to address the issue of whether motions to amend that are filed beyond the scheduled deadline for amending pleadings should be evaluated under the "good cause" standard of Rule 16 in addition to Rule 15 standards.  See Minter, 451 F.3d at 1205 n.4. But, as the Minter court points out, there is a "rough similarity between the 'good cause' standard of Rule 16(b) and our 'undue delay' analysis under Rule 15," and so selecting an analysis based

only for reasons such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment.'" United States ex rel. Ritchie v. Lockheed Martin Corp., 558 F.3d 1161, 1166 (10th Cir. 2009) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)) (alteration in original).  Aramark focuses on undue delay, undue prejudice, and futility.

    a.    Timeliness

There is no question that the proposed amendment comes late in the litigation.  The original deadline for amending pleadings was April 18, 2011.  Fact discovery closed on March 23, 2012.  A trial date was set for January 2013.  But, recently (and unrelated to the current motion to amend), the parties filed a stipulated motion to extend deadlines for expert discovery and filing of dispositive motions and to extend the January 2013 trial date.  (See Docket Nos. 171-172.)

The court notes that the timing of the amendment is not a reason by itself to deny the request. Minter v. Prime Equip. Co., 451 F.3d 1196, 1205-06 (10th Cir. 2006).  Rather, denial of leave to amend based on untimeliness is "appropriate 'when the party filing the motion has no adequate explanation for the delay.'"  Id. (quoting Frank v. U.S. West, 3 F.3d 1357, 1365-66 (10th Cir. 1993)).

The Claimants have presented evidence that discovery has been painstakingly slow as they continue to discover new information which, they contend, Aramark should have produced

---

on one standard versus the other standard would not necessarily affect the outcome.  Id.

earlier in the case. (See Claimants' Reply (Docket No. 165) at 4, Ex. A.  See also Sept. 28, 2011 Mot. for Order Compelling Production of Documents from Pl. Aramark (Docket No. 113) (withdrawn on November 4, 2011).)  They also said that they did not feel they could raise a gross negligence claim before this summer because it was only then that they learned relevant facts and started putting the puzzle together. (Claimants' Reply at 4.)  According to the Claimants, once they reviewed the entire set of facts, they began pursuing gross negligence and punitive damages.  On April 13, 2012, the Claimants filed their cross motion for partial summary judgment concerning the exculpatory clause.  As part of that motion, they filed an extensive fact section with supporting exhibits, all of which they said demonstrated gross negligence.  (The court did not reach the gross negligence issue because the motions focused on the legal question of the enforceability of the indemnity and exculpatory clause.)  On April 25, 2012, the Claimants filed a motion requesting an extension of time to file amended pleadings, in particular because they wanted to add a request for punitive damages (again, they contended that they did so out of caution, because they believed an amendment was not necessary).  The court granted that request during the August 15, 2012 hearing on the cross-motions for partial summary judgment regarding the indemnification and exculpatory clause.  The Claimants followed up with the motion to amend now before the court.  This sequence of events shows that Claimants were diligent in the face of a labored discovery process and that the delay was not undue.

    b.    <u>Prejudice</u>

Aramark contends that is would be unduly prejudiced if the court allowed the amendment. (Aramark calls the claims "new" but that is not altogether correct.  First, punitive damages is not a stand-alone claim.  Second, the gross negligence claim is an extension of the

negligence claim already filed.)  Aramarks says it would have conducted discovery differently had it known that the Claimants were going to pursue gross negligence and punitive damages. But, as the Claimants point out,

> the original counterclaim and the amended claim are significantly similar.  Both have the same subject matter and track the same factual situation; *viz.*, Aramark's rental of a boat and its sinking on April 25, 2009.  Both involve claims of negligence against Aramark and the proposition that Aramark failed to exercise reasonable care.  The theory of gross negligence is directly related to the theory of ordinary negligence.  <u>A successful defense to an ordinary negligence claim is a successful defense to a gross negligence claim.</u>

(Claimants' Reply at 6 (emphasis added; footnote omitted).)  It should also be emphasized that gross negligence and punitive damages involve the same proof.  So the fact that punitive damages need not be pleaded suggests that any alleged prejudice during fact discovery would be minimal to Aramark's ability to prepare a defense.

> The primary focus of Aramark's defense to date has or should have been defeating claims that Aramark failed to exercise reasonable care and developing evidence of absence of privity or knowledge.  This is precisely the same "defense" which Aramark would need to have mounted to gross negligence.  If Aramark successfully defends an ordinary negligence claim it necessarily follows that it has successfully defended a gross negligence claim.

(<u>Id.</u> at 7.)

The prejudice to Aramark's ability to present a defense is not undue.  And, to lessen the impact of the court's order allowing the proposed amendments, the court will allow for additional limited fact discovery to be conducted no later than 90 days from the date of this order on issues arising out of the claims for gross negligence (and, necessarily, punitive damages).

5

  c. <u>Futility</u>

 Finally, Aramark raises a futility argument, contending that the proposed allegations do not state a claim for gross negligence. The standard for whether a proposed amendment is futile is the same standard the court should apply in a motion to dismiss. <u>See, e.g.</u>, <u>Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.</u>, 521 F.3d 1278, 1288 ) (10th Cir. 2008).

 The Utah Supreme Court defines gross negligence[4] as "the failure to observe even slight care; it is carelessness or recklessness to a degree that shows utter indifference to the consequences that may result." <u>Daniels</u>, 221 P.2d at 269 (internal quotation marks and citation omitted). "Gross negligence requires proof of conduct substantially more distant from the appropriate standard of care than does ordinary negligence." <u>Berry v. Greater Park City Co.</u>, 171 P.3d 442, 449 (Utah 2007).

 Generally, the "knowing and reckless indifference" standard set forth in the Utah punitive damages statute[5] is interchangeable with the standard defining "gross negligence."

---

 [4]In a previous order, the court held that it has admiralty jurisdiction under 28 U.S.C. § 1333(1) and must apply admiralty law. (<u>See</u> Aug. 29, 2012 Order (Docket No. 161) at 4-5.) But where admiralty law does not provide a clear rule, the court looks to state law (in this case, Utah law) to fill in the gaps. <u>Charnis v. Watersport Pro, LLC</u>, 2009 AMC 1299, 1302-03, 2009 U.S. Dist. LEXIS 76022 (D. Nev. May 1, 2009) (citing <u>Kossick v. United Fruit Co.</u>, 365 U.S. 731, 738 (1961); <u>KDME, Inc. v. Bucci</u>, Case No. 05CV199, 2007 U.S. Dist. LEXIS 59810, *7-*9 (S.D. Cal. Aug. 14, 2007). The parties have not squarely addressed the issue of whether the court should look to federal maritime cases or Utah law governing gross negligence. It does not appear that there are significant differences between the two concerning standards of proof on gross negligence claims or standards of review on claims of futility, so the court does not definitively decide which law applies at this point.

 [5]Under Utah's punitive damages statute, a party may recover punitive damages if "compensatory or general damages are awarded and it is established by clear and convincing evidence that the acts or omissions of the tortfeasor are the result of . . . <u>conduct that manifests a knowing and reckless indifference</u> toward, and a disregard of, the rights of others." Utah Code Ann. § 78B-8-201(1)(a) (emphasis added).

> [I]n Utah gross negligence is equated with reckless disregard. . . . Recklessness is subsumed in [the Utah Supreme Court's] definition of gross negligence. Thus, a party seeking punitive damages based on a proven claim of gross negligence, has already satisfied the reckless requirement of the punitive damages statute.

Daniels v. Gamma West Brachytherapy, LLC, 221 P.2d 256, 269 (Utah 2009).

A determination of gross negligence is highly fact-specific, so courts hesitate to keep the issue from a jury, even at the summary judgment stage.

> When reviewing appeals from grants of summary judgment in cases of ordinary negligence, we have consistently followed the principle that summary judgment is generally inappropriate to resolve negligence claims and should be employed only in the most clear-cut case. Moreover, summary judgment is inappropriate unless the applicable standard of care is fixed by law, and reasonable minds could reach but one conclusion as to the defendant's negligence under the circumstances. . . . Identification of the proper standard of care is a necessary precondition to assessing the degree to which conduct deviates, if at all, from the standard of care—the core test in any claim of gross negligence. Absent the presence of an identified, applicable standard of care to ground the analysis, . . . the district court improperly granted [the defendant] summary judgment and dismissed [the plaintiff's] gross negligence claim.

Id. (internal citations and quotation marks omitted). Without a defined standard of care, the court is left to speculate. Unless specific standards apply to the situation, "[i]n order to determine what a reasonable [defendant] would do, the finder of fact would likely need to hear testimony from expert witnesses before it could determine the operator's deviation from the standard." Pearce v. Utah Athletic Found., 179 P.3d 760, 768 n.2 (Utah 2008).

At this time, the only thing the court has to evaluate is a set of allegations. The court is not presented with expert testimony or factual evidence. The applicable standard is that governing a motion to dismiss. It would be premature to bar the gross negligence claim at this stage. Whether future motions for summary judgment are filed is a separate issue that does not have bearing on the court's ruling on the futility of the claims.

**Conclusion**

The court notes that although there is no binding reported case law addressing the exact issue facing the court, in the unreported case of JVC America, Inc. v. Guardsmark, LLC, Case No. 1:05-CV-681-JOF, 2006 WL 2443735 (Aug. 22, 2006 N.D. Ga.), the JVC court faced a remarkably similar procedural and factual situation. In that case, the court allowed the proposed claim of gross negligence to go forward. The analysis in JVC is persuasive, and the court believes the same result should occur here.

**ORDER**

For the foregoing reasons, the court orders as follows:

1.  The Taranto & Prescott Claimants' Motion to Amend their Answer, Claim and Counterclaim (Docket No. 160) is GRANTED.

2.  The court re-opens fact discovery for a period ending 90 days from the date of this order. The scope of fact discovery should be limited to issues specifically related to the claims of gross negligence and Claimants' request for punitive damages.

DATED this 13th day of November, 2012.

BY THE COURT:

*Tena Campbell*
TENA CAMPBELL
U.S. District Court Judge