IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| In re ARAMARK SPORTS AND ENTERTAINMENT SERVICES, LLC, a Delaware limited liability company, as owner of a certain 20' 2007 Baja Islander 202 for exoneration from or limitation of liability,<br><br>Plaintiff. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:09-cv-637-TC-PMW<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Paul M. Warner |

District Judge Tena Campbell referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1]  Before the court is a motion for a protective order filed by the Estates and Heirs of Robert and Katherine Prescott and the Estates and Heirs of Terry and Maryanne Taranto (collectively, "Claimants").[2]  In their motion, Claimants seek a court order prohibiting the depositions of six individuals:  Frank Reynolds, Blaine Hitchens, Horace Schuler, Bob Grippentog Jr., Tina Bond, and Bill Dials ("Mr. Dials") (collectively, "Deponents").[3]  Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda.  See DUCivR 7-1(f).

---

[1]  See docket no. 77.

[2]  See docket no. 200.

[3]  See docket no. 208 at 2-4.

## RELEVANT BACKGROUND

On November 13, 2012, Judge Campbell issued an order and memorandum decision granting Claimants' motion for leave to amend their answer, claim, and counterclaim to assert a claim for gross negligence and a request for punitive damages against Aramark Sports and Entertainment Services, LLC ("Aramark").[4]  Judge Campbell also reopened fact discovery for a period of ninety (90) days (i.e., until February 11, 2013), but limited the scope of such discovery to the issues specifically related to Claimants' claim of gross negligence and request for punitive damages.[5]

On November 21, 2012, Claimants served written discovery requests on Aramark seeking identification of witnesses and exhibits that Aramark intended to use to support its defenses to Claimants' claim for gross negligence and request for punitive damages.  On December 20, 2012, Aramark responded to those discovery requests, but declined to provide the requested discovery, citing prematurity.  Aramark served supplemental disclosures on January 21, 2013.  In those supplemental disclosures, Aramark identified multiple new witnesses, including the Deponents.  Aramark has indicated that they are seeking to elicit information from the Deponents about customs and practices followed by other boat rental businesses.

On January 22, 2013, Aramark served deposition notices for the Deponents, indicating that the depositions would take place on several days in early February that the parties had

---

[4] *See* docket no. 176.

[5] *See id*.

previously agreed to hold open for the taking of the depositions of any Aramark witnesses.[6] The location of the Deponents spans two states and four different cities. On January 25, 2013, Claimants sent correspondence to Aramark detailing concerns they had with the Deponents' potential depositions and indicating their intention to bring the instant motion for a protective order to prevent the Deponents' depositions from taking place. Claimants apparently were unable to resolve their concerns with Aramark. Presumably because of the looming dates for the proposed depositions, Claimants filed the instant motion on the same day they sent their correspondence to Aramark.

## ANALYSIS

As indicated above, Claimants' motion seeks a court order prohibiting the depositions of the Deponents. Claimants advance several arguments in support of their motion. First, Claimants argue that Ararmark's disclosure of the Deponents as witnesses was untimely. Second, Claimants contend that the travel and expense required by the depositions constitutes an undue burden. Third, Claimants assert that Ararmark should not be allowed to depose Mr. Dials and that all of the depositions exceed the limited scope of reopened fact discovery ordered by Judge Campbell. Finally, Claimants argue that, in the event their motion is denied, they should be provided with certain information in advance of the Deponents' depositions. The court will address each argument in turn.

---

[6] It appears that Aramark also served deposition notices on numerous other individuals, but since those depositions are not the subject of the motion before the court, they will not be addressed here.

### I. Timeliness

Claimants first argue that Aramark's supplemental disclosures were untimely. Claimants contend that Aramark was required to serve their supplemental disclosures as soon as possible after Judge Campbell's November 13, 2012 order. Claimants further argue that Aramark failed to provide timely responses to Claimants' November 21, 2012 discovery requests.

Claimants' arguments are without merit. First, the court has no reason to doubt Aramark's good-faith assertion that it provided its supplemental disclosures as soon as it was able to reduce the list of potential witnesses to a manageable number and minimize any redundancies. As such, the court cannot say that Aramark failed to serve its supplemental disclosures as soon as possible. Second, Claimants' own exhibits demonstrate that while Aramark did not provide substantive responses to Claimants' November 21, 2012 discovery requests, Aramark did in fact provide timely responses and objections. Accordingly, Claimants are incorrect in arguing that Aramark failed to provide timely responses. For these reasons, the court concludes that Claimants' timeliness argument fails.

### II. Undue Burden

Claimants argue that taking the depositions of Deponents constitutes and undue burden because their counsel will be required to "travel all over the Southwest over a short period of time."[7] The court is not persuaded by that argument. As noted by Aramark, the depositions will occur in only three geographic areas and will not require extensive travel. Furthermore,

---

[7] Docket no. 200 at 6.

Claimants' argument is belied by the fact that they have apparently already traveled to several states to conduct depositions of a number of different witnesses. For these reasons, the court concludes that Claimants' undue burden argument fails.

The court also notes that the depositions have arisen only as a result of the Claimants' newly asserted claim of gross negligence and request for punitive damages, which required Aramark to seek out these new witnesses. It is disingenuous for Claimants to complain about the natural consequence of that newly asserted claim.

### III. Mr. Dials and Scope of Discovery

Claimants argue that the deposition of Mr. Dials should not go forward because his testimony will consist of inadmissible expert testimony and inadmissible hearsay. Claimants also argue that the Deponents' depositions will exceed the scope of reopened fact discovery because they will likewise consist of inadmissible testimony. Those arguments likewise miss the mark.

The court recognizes that Judge Campbell reopened fact discovery for a limited purpose. However, the motion before the court still relates to discoverability, not admissibility. Unlike the narrower standards governing admissibility, the standard governing discovery is very broad. *See* Fed. R. Civ. P. 26(b)(1) (providing that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."); *see also Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995) ("[T]he scope of discovery under the federal rules is broad and . . . 'discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help

define and clarify the issues.'" (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978))). Under that broad standard, the court concludes that the information sought by way of the Deponents' depositions, including the deposition of Mr. Dials, is *discoverable* because it is relevant to Claimants' claim of gross negligence and request for punitive damages. In reaching that conclusion, the court renders no opinion about whether that information will or will not be *admissible*. Admissibility determinations will be made, if necessary, by Judge Campbell at the appropriate phase of this case.

Based on the foregoing, the court concludes that Claimants' arguments with respect Mr. Dials and the scope of discovery are without merit.

### IV.  Information in Advance of Deponents' Depositions

Claimants request that, in the event their motion is denied, Aramark be required to provide Claimants with certain information at least three (3) business days before each of the Deponents' depositions. Specifically, Claimants request that Aramark be required to provide the following information to Claimants for each of the Deponents' depositions:  (1) all written communications between Mr. Dials and the deponent; (2) an index of all policies and procedures of the marina by which the deponent is employed; and (3) copies of all the deponent's marina's written policies, procedures or protocols, including rental agent and boat instructor scripts, related to the various subject matters on which the witnesses will testify.

Claimants' request is granted, as follows. Because Ararmark does not appear to object to providing the second and third categories of information, that information shall be provided in full at least three (3) business days before each of the Deponents' depositions. With respect to

the first category, Aramark contends that there is little, if any, information to provide to Claimants. To the extent that such information exists, Aramark shall provide it to Claimants at least three (3) business days before each of the Deponents' depositions. To the extent that such information does not exist, Aramark shall, at least three (3) business days before each of the Deponents' depositions, provide to Claimants a sworn affidavit to that effect.

## CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Claimants' motion for a protective order seeking to prohibit the depositions of the Deponents[8] is **DENIED**.

2. Claimants' request for certain information in advance of the Deponents' depositions is **GRANTED**, as detailed above.

**IT IS SO ORDERED**.

DATED this 22nd day of March, 2013.

BY THE COURT:

_Paul M. Warner_
PAUL M. WARNER
United States Magistrate Judge

---

[8] *See* docket no. 200.